**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3470 Wilshire Blvd., Suite 614
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile: (213) 383-7368
E-Mail: maimons@aol.com

Attorney for Plaintiffs
MAYURKUMAR B.
PATEL and PRITTY
PATEL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAYURKUMAR B. PATEL;<br>PRITTY PATEL,<br><br>Plaintiffs,<br><br>v<br><br>YESHA PATEL; AND DOES 1-10<br>INCLUSIVE,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF; STATE SUPPLEMENTAL CLAIMS**<br><br>**[VIOLATION OF 18 U.S.C. SECTION 1961 – RICO AND STATE SUPPLEMENTAL CLAIMS]**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiffs MAYURKUMAR B. PATEL aka MAYUR PATEL and PRITTY PATEL (collectively "Plaintiffs," or individually "MP," "PP") hereby file the following Complaint, and state and allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the federal court exists under 28 U.S.C. Section 1331 and 18 U.S.C. Section 1961. This action which arises under the laws of the United States, and involves violations of federal law actionable under 18 U.S.C. Section 1961, et seq. State supplemental jurisdiction exists under 28 U.S.C. Section 1367.

**PARTIES**

2. Plaintiffs MP and PP are husband and wife and reside at 615 E. Orange Blossom Way, Azusa, CA 91702.

4. Defendant YESHA PATEL ("Defendant" or "YP") is an individual who resides at 3111 Gardenia Lane, Yorba Linda, CA 92886 (to be referred to as the "Property")

5. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiffs are unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown

to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiffs are successful hotel and motel developers and operators.

8. Defendant YP is married to an ARPIT PATEL ("AP") who is also a hotel and motel developer and operator.

9. AP is not being sued at this time by plaintiffs, but plaintiffs reserve the right to do so.

10. AP as a hotel and motel developer and operator has entered into various leases of hotels and motels from MP's father, BALUBHAI G. PATEL ("BP"), who owns the hotels and motels that AP has leased from him.

11. On or about February 1, 2024, AP and YP borrowed the sum of $1,200,000.00 and the sum of $600,000.00, for a total sum of $1,800,000.00, from plaintiffs on the terms and conditions set forth in two written promissory notes executed by AP and YP in favor of plaintiffs. A copy of the two written promissory notes of $1,200,000.00 and $600,000.00 executed by AP and YP on February 1, 2024 in favor of plaintiffs is attached hereto as Exhibits "A" and "B" (collectively "PN").

12. Plaintiffs agreed to lend the $1,800,000.00 to AP and YP, given AP's business relationship as a lessee of BP's various hotels and motels, and the belief that both AP and YP would in good faith pay back the $1,800,000.00 on the terms and conditions as set forth in the PN.

13. One of the conditions as set forth in the PN, was that AP and YP would secure the sum borrowed of $1,800,000.00 by way of recording a deed of trust ("DT") in favor and for the benefit of the plaintiffs on the Property, which also is their residence.

14. AP and YP never fulfilled this condition and refused to record the DT on the Property as required by the PN, despite multiple requests in the last two years by plaintiffs that they do so.

15. Another condition of the PN was that AP and YP pay the full principal and interest as required by the PN on or before February 1, 2025.

16. AP and YP never fulfilled this condition and refused to pay the full principal and interest as required by the PN on or before February 1, 2025. as required by the PN, despite multiple requests in the last year by plaintiffs that they do so.

17. Another condition of the PN was that AP and YP not "[s]ell, abandon or otherwise convey the Property or its title, or any portion thereof, without [plaintiffs] prior consent" as required by the PN on or before February 1, 2025.

18. AP and YP never fulfilled this condition and have placed the Property for sale to the public, without plaintiffs prior consent. as required by the PN, and AP and YP never informed plaintiffs that that they have placed the Property for sale to the public.

19. In taking the actions set forth in paragraphs 7-18 above, AP and YP acted in concert and falsely made the promises set forth in the PN to plaintiffs in order to induce them to lend them the sum of $1,800,000.00, knowing at all times that they would not repay the sum of $1,800,000.00 on the terms and conditions as set forth in the PN.

20. To date, AP and YP have not paid any monies of the $1,800,000.00, or any interest thereon, as required by the terms and conditions as set forth in the PN, and used the $1,800,000.00 solely for their personal and economic benefit.

21. In doing the actions, as set forth in paragraphs 7-20 above, the defendants, and each of them, including AP and YP, used instrumentalities of the United States mail, e-mail and text messages in communicating with each other, and with plaintiffs, which constitutes a federal crime under 18 U.S.C. Sections 1341, mail fraud and also bank fraud, as the monies borrowed were distributed from monies held in plaintiffs' bank accounts, and deposited by AP and YP in their various bank accounts.

22. Based, on the foregoing, plaintiffs allege the following claims for relief.

## FIRST CLAIM OF RELIEF

**(Violation of 18 U.S.C. Section 1961, et seq. by All Plaintiffs Against YP and All Defendants)**

23. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-22 above.

24. The actions of the defendant YP, and the defendants, and each of them, constitutes a federal crime under 18 U.S.C. Section 1341, U.S. mail fraud, and bank fraud, such federal crimes being actionable under 28 U.S.C. Section 1964©.

25. Said defendant YP, and the defendants, and each of them, agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding plaintiffs with the use of the instrumentalities of the U.S. mail, in violation of 18 U.S.C. Sections 1341, and bank fraud, constituting a pattern of racketeering activity pursuant to 18 U.S.C. Sections 1961(1) and (5).

26. Said defendant YP, and the defendants, and each of them, have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering activity above.

27. As a proximate result of the foregoing actions of the defendant YP, and the defendants, and each of them, racketeering activities, and violations of 18 U.S.C. 1961 (1), (5), and 18 U.S.C. 1964©, plaintiffs have been injured in his business and according to proof at trial but not less than $20,000,000.00 against the defendant YP, and the defendants, and each of them. Plaintiffs are also entitled to their reasonable attorney fees and treble and exemplary damages.

**SECOND CLAIM OF RELIEF**

**(Fraud by All Plaintiffs Against YP and All Defendants)**

28. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-27 above.

29. Plaintiffs further allege that in doing all of the things herein mentioned, the defendant YP, and the defendants, and each of them, intentionally misrepresented and lied to plaintiffs as to the matters contained in paragraphs 10-21, and as set forth in the PN, and plaintiffs relied on such misrepresentations to their detriment and would not have lent AP and YP the $1,800,000.00 as stated therein.

30. As a proximate result of the foregoing actions of the defendant YP, and the defendants and each of them, plaintiffs have been injured and suffered economic

and non-economic damages according to proof at trial but believed to be not less than $20,000,000.00 against the defendant YP, and the defendants, and each of them., and are also entitled to appropriate declaratory and injunctive relief. Plaintiffs are also entitled to exemplary damages and to their reasonable attorney fees.

## THIRD CLAIM OF RELIEF

**(Breach of Contract by All Plaintiffs Against YP and All Defendants)**

31. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-30 above.

32. Plaintiffs further allege that in doing all of the things herein mentioned, the defendant YP, and the defendants, and each of them, breached the terms and conditions of the PN, and as set forth in the PN.

33. As a proximate result of the foregoing actions of the defendant YP, and the defendants and each of them, plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $20,000,000.00 against the defendant YP, and the defendants, and each of them., and are also entitled to appropriate declaratory and injunctive relief. Plaintiffs are also entitled to exemplary damages and to their reasonable attorney fees.

**FOURTH CLAIM OF RELIEF**

**(Quiet Title and Injunctive Relief by All Plaintiffs Against YP and All Defendants)**

35. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-34 above.

36. By virtue of the foregoing facts, plaintiffs are entitled to an order quieting title to the Property and ordering and declaring that they are the legal and beneficial owners of a DT on the Property, securing their legal and beneficial interest in the PN on said terms and conditions set forth in the PN.

34. A legal description of the Property is referred to as 3111 Gardenia Lane, Yorba Linda, CA 92886. The Assessor's Parcel Number ("APN") 322-251-07.

35. Plaintiffs are also entitled to their reasonable attorney's fees.

WHEREFORE, Plaintiffs pray judgment against the Defendant YP, and the Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1. For damages according to proof at trial but believed to be not less than $20,000,000.00;
2. For treble damages;
3. For exemplary damages;
4. For attorney fees;

**SECOND CLAIM FOR RELIEF**

5. For damages according to proof at trial but believed to be not less than $20,000,000.00;
6. For exemplary damages;
7. For attorney fees;

**THIRD CLAIM FOR RELIEF**

8. For damages according to proof at trial but believed to be not less than $20,000,000.00;
9. For exemplary damages;
10. For attorney fees;

**FOURTH CLAIM FOR RELIEF**

11. For an order quieting title to the Property and ordering and declaring that the Plaintiffs are the legal and beneficial owners of the of a DT on the Property, securing their legal and beneficial interest in the PN on said terms and conditions set forth in the PN. .
12. For attorney's fees;

**FOR ALL CLAIMS FOR RELIEF**

13. For costs of suit;

14. For such other and further relief as the Court deems proper.

Dated: January 8, 2026 LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser

FRANK A. WEISER, Attorney for
for Plaintiffs MAYURKUMAR B.
PATEL and PRITTY PATEL

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38 and the Seventh Amendment of the United States Constitution.

Dated: January 8, 2026 LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser

FRANK A. WEISER, Attorney for
for Plaintiffs MAYURKUMAR B.
PATEL and PRITTY PATEL